# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**GAYLON BETAR**                                                                                            **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:17CV-P37-JHM**

**ADVANCE CORRECTIONAL** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Gaylon Betar, a pretrial detainee presently incarcerated in the Hopkins County Jail (HCJ), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Plaintiff subsequently filed a letter (DN 6) with the Court. Attached to the letter are a document and some medical records (DN 6, p. 2 & DN 6-1) which appear to be an amendment to the complaint. The Court construes the attachments as a motion to amend the complaint. Upon consideration, the motion to amend (DN 6, p. 2 & DN 6-1) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to docket the letter at DN 6 also as a motion to amend.

The complaint and amendment are before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the Fourteenth Amendment conditions-of-confinement and medical-treatment claims to proceed against Defendant Jodie in her individual capacity. All other claims and Defendants will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the following six Defendants in the complaint and amendment: (1) Advance Correctional, which Plaintiff identifies as the medical department at the HCJ; (2) the HCJ; (3) Joe Blue, the Hopkins County Jailer; (4) Captain Lewis, a Captain at the HCJ;

(5) Jodie, the head nurse at the HCJ; and (6) Sgt. Coy, the grievance officer presumably at the HCJ. With the exception of Defendant Coy, Plaintiff indicates that he is suing Defendants Advance Correctional, HCJ, Blue, Lewis, and Jodie in their individual and official capacities. Plaintiff named Defendant Coy in the amendment and does not state in what capacity he is suing Defendant Coy. Plaintiff seeks monetary damages, punitive damages, and injunctive relief in his complaint. More specifically, he requests the Court to put Plaintiff "in a cell with a bunk" and to make "medical give [him his] medicine" and put him "in [a] hospital."

In the complaint, Plaintiff alleges that he is "being treated bad because [he] is sick." He states that he is in segregation and is unable to "order any eatable foods are over the counter medicine." According to Plaintiff, he is suffering, and "no one will listen to [him] because medical over rides everything." He claims that Defendant Lewis's girlfriend is the head nurse. Plaintiff states that Defendant Jodie "is the one behind all of this. She tells the doctor pretty much what to do." Plaintiff also asserts that "[t]heir all in this together."

Plaintiff states that medical has taken away medicine "that the hospital doctors put [him] on." Later he states that the "LPN at the Jail" has taken away his medicine. He further states that the jail is giving him his blood pressure medicine and Lasix, but "[t]hey [have] taken [his] heart medicine and [his] pysc medicine." Plaintiff states that his liver and stomach are both bleeding. According to Plaintiff, he has asked to go to the hospital, but "the Jail and medical staff won't send [him]." Plaintiff also asserts that he has asked to see a doctor, but Defendant Jodie will not respond to his requests. Plaintiff states that this has caused him a great deal of pain and suffering. According to Plaintiff, the "medical staff is sitting here watching [him] die slowly."

Plaintiff states that the "medical department has place[ed] [him] on the floor at the Jail." He states that he is "laying on a concrete slab. By no means theses cells are medical cells. This is a detox cell built for drunks." According to Plaintiff, the cell has a "sewer system in the middle of the floor." He states that all the Defendants "know what type of grems that this cell has." He also states that Defendant Jodie "has taken all [his] privileges away."

Plaintiff states that he is unable to call his attorney or speak to an attorney. He also states that "[t]hey let me use the phone on Tuesday for a hour," but he "wasn't able to call anyone because lawyers aren't up at 6 A.M." Plaintiff states that his telephone and canteen privileges have been taken away from him. Plaintiff states that he has repeatedly filed grievances, and "[t]he Jailer is responsible for maintaining the actions of his officers and to make sure inmates are done right."

In the amendment to the complaint, Plaintiff states that he has been "laying in the floor here since Febuery 23, 2017." According to Plaintiff, he "lay for 3 months in this cell and the Jail medical staff won't help." Plaintiff states that he is freezing and sick. He describes his medical conditions as follows: (1) his liver is failing; (2) he has cirrhosis of the liver; (3) he has Hepatitis C; (4) he has an enlarged spleen; (5) he has heart problems; (6) his blood count is abnormal; and (7) he has a hemorrhage in his liver, stomach, and spleen. Additionally, Plaintiff states that he suffers from paranoid schizophrenia, but the jail took his medicine for this condition.

Finally, Plaintiff states that Defendant Coy has punished him "for talking back to the guards because I'm in pain."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential

claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

Based on Plaintiff's allegations, he asserts Eighth and Fourteenth Amendment claims regarding his conditions-of-confinement and his medical care.  Convicted inmates' rights stem from the Eighth Amendment, while pretrial detainees' rights stem from the Fourteenth Amendment.  *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).  "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment."  *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  "In the context of medical care for prisoners and pretrial detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'"  *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).  Further, the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute "punishment."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Accordingly, the Court construes the complaint and amendment as alleging claims under the Fourteenth Amendment.

## A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Blue, Lewis, Jodie, and Coy are actually against their employer, Hopkins County. *Id.* at 166; *see also Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Further, the HCJ is not a "person" subject to suit; thus, suing Defendant HCJ is also the equivalent of suing Hopkins County. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (finding that the jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The same municipal-liability analysis applies to § 1983 claims against a private corporation like Defendant Advance Correctional. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (quoting

*Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992)). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights."). The Court will first address the second issue, *i.e.*, whether Hopkins County or Advance Correctional are responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("A municipality may be held liable under § 1983 if the municipality itself caused the constitutional deprivation."). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or

7

custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom of Hopkins County or a policy or custom of Advance Correctional caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by either Hopkins County or Advance Correctional, the complaint fails to establish a basis of liability against Hopkins County and Advance Correctional, and it fails to state a cognizable § 1983 claim.

Accordingly, the claims against the HCJ and Advance Correctional and the official-capacity claims brought against Defendants Blue, Lewis, Jodie, and Coy will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Blue

Plaintiff states that he has repeatedly filed grievances, and "[t]he Jailer is responsible for maintaining the actions of his officers and to make sure inmates are done right."

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Moreover, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject

8

supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Shehee v. Luttrell*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Here, Plaintiff's § 1983 claim against Defendant Blue in his individual capacity appears to be based upon the actions and inactions of others. Nothing in the complaint sets forth any action taken on the part of Defendant Blue or shows how this Defendant was personally involved in the alleged wrongful conduct.

Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Blue in his individual capacity, and the claims against him will be dismissed.

### 2. Defendants Lewis

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the

liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

The only assertion about Defendant Lewis in the complaint is that his girlfriend is one of the head nurses at the HCJ. While Plaintiff sues this Defendant in his individual capacity, he does not state specific allegations against him in the body of his complaint or state how he was directly involved in the alleged events. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. at 375-76. Plaintiff fails to state in the complaint the grounds for seeking relief against Defendant Lewis. Accordingly, the claims against Defendant Lewis in his individual capacity will be dismissed.

### 3. Defendant Coy

Plaintiff fails to state in what capacity he is suing Defendant Coy. However, even assuming that he is being sued in his individual capacity, the claim must be dismissed. The only assertion about Defendant Coy made by Plaintiff is that Defendant Coy punished Plaintiff for

talking back to the guards because he was in pain. Plaintiff does not state specific allegations against Defendant Coy in the complaint or supplement or state how he was directly involved in any of the alleged wrongful events.

As previously stated, while the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. at 514. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. at 375-76. Plaintiff states only that Defendant Coy punished him. He does not state what this punishment was or how it violated his constitutional rights. Thus, Plaintiff fails to state any claim against Defendant Coy, and, to the extent Plaintiff may have been asserting a claim against this Defendant in his individual capacity, such claim will be dismissed.

### 4. Telephone and Canteen Use

Plaintiff asserts that his telephone and canteen privileges have been taken from him. However, he also states, "Then theres my phone privileges. I wasn't able to call anyone because lawyers aren't up at 6A.M. They let me use the phone on Tuesday for a hour."

"[P]risoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002) (holding that there is no First Amendment right to telephone access; instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a *means* of exercising this right") (italics in original); *Saenz v.*

*McGinnis*, No. 98-2022, 1999 WL 777659, at *2 (6th Cir. Sept. 17, 1999) (finding that the district court did not err in denying the plaintiff's preliminary injunction motion seeking to prohibit the defendants from enforcing a six-month telephone restriction imposed for misconduct); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (noting that "an inmate 'has no right to unlimited telephone use'") (citation omitted); *Rowe v. Ward*, No. 4:16-CV-P39-JHM, 2016 WL 3875954, at *2-3 (W.D. Ky. July 13, 2016) (finding that the deprivation of telephone use for one week was not a violation of a Fourteenth Amendment liberty interest); *Walker v. Loman*, No. 2:06-cv-00896-WKW, 2006 WL 3327663 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone, and visitation privileges did not result in the deprivation of a liberty interest or violate the Eighth Amendment). Moreover, while Plaintiff may be alleging limited access to his attorney, Plaintiff does not allege that he did not have other means of communicating with his attorney. The Court finds that Plaintiff has not alleged a constitutional violation with regard to access to the telephone.

Plaintiff has "no federal constitutional right to purchase items (food or non-food) from a commissary at all." *Adams v. Hardin Cty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *3 (W.D. Ky. May 16, 2016); *see also Grady v. Garcia*, 506 F. App'x 812, 814-15 (10th Cir. 2013) (finding no due process claim where the plaintiff was denied canteen privileges for 105 days); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (stating that "we know of no constitutional right of access to a prison gift or snack shop"); *Ferguson v. Thomas*, No. 5:14-CV-02396-RDP-JHE, 2016 WL 3774126, at *11 (N.D. Ala. June 20, 2016), *report and recommendation adopted*, No. 5:14-CV-02396-RDP-JHE, 2016 WL 3753230 (N.D. Ala. July 14, 2016) ("[P]risoners have no right to use of a prison commissary."); *Hopkins v. Keefe Commissary Networks Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007)

("Inmates have no federal constitutional right to be able to purchase items from a commissary."). Thus, the Court finds that Plaintiff has not alleged a constitutional violation with regard to access to the canteen.

Accordingly, the claims regarding the limitations on Plaintiff's use of the telephone and canteen will be dismissed.

### 5. Defendant Jodie (Head Nurse)

As to Defendant Jodie, Plaintiff states that she "is the one behind all of this." He states that she will not let him see the doctor and that she has taken away all of his privileges. The Court construes the complaint as alleging that Defendant Jodie is responsible for placing Plaintiff in the segregation cell and for refusing to properly treat Plaintiff's medical conditions.

#### a. Conditions-of-Confinement Claim

Plaintiff states that since February 2017, he has been in a cell in which he has to lie on the concrete floor. He states that the cell has a "sewer system in the middle of the floor." He further states that there are germs in the cell. Upon consideration, the Court will allow this claim to proceed against Defendant Jodie in her individual capacity.

#### b. Medical Treatment Claims

Plaintiff states that the hospital doctors put him on medications which the jail refuses to give to him. He contends that the jail refuses to give him his heart medicine and his psychiatric medicine. Plaintiff states that Defendant Jodie is responsible for these actions. Further, Plaintiff states that Defendant Jodie will not let him see a doctor or go to a hospital despite his many medical and psychiatric problems. He states that the medical staff is just "sitting here watching [him] die slowly." Upon consideration, the Court will allow the medical claims to proceed against Defendant Jodie in her individual capacity.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)  The claims against the HCJ and Advance Correctional and the official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2)  The individual-capacity claims against Defendants Blue, Lewis, and Coy are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(3)  The claims regarding the use of the telephone and canteen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(4)  There being no remaining claims against them, Defendants HCJ, Advance Correctional, Blue, Lewis, and Coy are **DISMISSED** from this action.

The **Clerk of Court** is **DIRECTED** to terminate HCJ, Advance Correctional, Joe Blue, Captain Lewis, and Sgt. Coy as Defendants from the docket of this action.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment conditions-of-confinement and medical-treatment claims will proceed against Defendant Jodie in her individual capacity.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: July 5, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.003