# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

GAYLON LEE BETAR                                                      PLAINTIFF

v.                                               CIVIL ACTION NO. 4:17CV-P37-JHM

ADVANCE CORRECTIONAL et al.                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Gaylon Lee Betar, a pretrial detainee incarcerated at the Hopkins County Jail (HCJ), filed a *pro se* complaint (DN 1). Subsequently, he filed what the Court construed to be a motion to amend the complaint (DN 6). On July 6, 2017, the Court performed initial review of the complaint and amendment (DN 7). Upon initial review of the complaint and amendment, the Court allowed the Fourteenth Amendment conditions-of-confinement and medical-treatment claims to proceed against Defendant Jodie Smith in her individual capacity. All other claims and Defendants were dismissed.

On December 11, 2017, Plaintiff filed a second motion to amend the complaint (DN 19) which is presently before the Court. Defendant Smith opposes the motion to amend (DN 20) because Plaintiff filed it after the time for discovery expired, Plaintiff has failed to answer discovery or fully cooperate in discovery, and Plaintiff has already been allowed to amend his complaint.

Rule 15 of the Federal Rules of Civil Procedure states in pertinent part as follows:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>  (A) 21 days after serving it, or
>  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Plaintiff's complaint was filed on March 13, 2017. Defendant Smith was served on or about August 3, 2017, and filed an answer to the complaint on August 7, 2017. Plaintiff's present motion to amend was filed on December 11, 2017, after the allowed 21 days. Thus, at this stage of the proceedings, Plaintiff may not amend as a matter of course.

Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "'[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). The decision as to whether justice requires the amendment is committed to the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The exercise of the court's discretion must be guided by the animating principle behind Rule 15, which is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

There is no indication that the motion to amend was brought in bad faith or for dilatory purposes. Clearly, the motion to amend was brought late in the proceedings; however, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). The proposed amended causes of action

are so similar to those already proceeding as not to cause prejudice to Defendant Smith.  Further, Defendant Smith does not show that she will be prejudiced by allowing the amendment to proceed.  For these reasons, **IT IS ORDERED** that the motion to amend (DN 19) is **GRANTED**.

The amended complaint (DN 19) is now before the Court for review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will allow the following claims to proceed:  (1) the Fourteenth Amendment conditions-of-confinement claim against Defendant Johnson in his individual capacity; and (2) the Fourteenth Amendment claim regarding denial of medical treatment against Defendant Johnson in his individual capacity.

## I.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 90 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF CLAIMS

In the amended complaint, Plaintiff seeks to add a new Defendant, Matthew Johnson, to this action.[1] Plaintiff states that Defendant Johnson is a Licensed Practical Nurse employed by the HCJ. Plaintiff sues Defendant Johnson in his official and individual capacities. As relief, Plaintiff seeks monetary damages, medical treatment, and release to the general population.

---

[1] In the amended complaint, Plaintiff restates his claims against Defendant Smith. Since the Court previously discussed and ruled on the claims against Defendant Smith (DN 7), the Court will not address them again. As to the claims against Defendant Smith, the Court's July 6, 2017, Memorandum Opinion and Order (DN 7) remains in effect.

In his amended complaint, Plaintiff states that he has many medical and psychiatric problems. According to Plaintiff, prior to being incarcerated at the HCJ, he had been prescribed and was taking medications for his medical and mental health conditions. Plaintiff states that when he was incarcerated at the HCJ, Defendants Johnson and Smith took his medicine. According to Plaintiff, Defendant Johnson is in charge of medication at the HCJ. As a result of not being given his Lasix medication, Plaintiff asserts that fluid built up in his body causing him to become short of breath, gain 65 pounds, and his body to swell. Plaintiff states that he "suffer[ed] a great deal of pain and nearly died." According to Plaintiff, after filing "numerous sick call request[s] and grievances," he was taken to the emergency room in February 2017. Plaintiff states that he was admitted to the hospital and "put [on] medications which the jails medical department refused to give him." Plaintiff states that Defendants "will not let him see a doctor or go to a hospital despite his many medical and psychiatric problems." He contends that the medical staff is just "sitting her watching him die slowly."

Further, Plaintiff states that Defendants Smith and Johnson placed him "on the floor of the drunk tank for a long period of time on a concrete slab which a 'sewer' drain system is in the middle of the floor."

### III. ANALYSIS

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Johnson are actually against his employer, Hopkins County. *Id.* at 166; *see also Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008)

5

(stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether Hopkins County is responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("A municipality may be held liable under § 1983 if the municipality itself caused the constitutional deprivation."). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or

custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom of Hopkins County caused his alleged harm. As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Hopkins County, the complaint fails to establish a basis of liability against Hopkins County, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claims brought against Defendant Johnson will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Plaintiff states that he is a pretrial detainee. He fails to state what constitutional provision(s) he asserts Defendant Johnson has violated. Based on Plaintiff's allegations, he asserts Fourteenth Amendment claims regarding his conditions-of-confinement and his medical care. Convicted inmates' rights stem from the Eighth Amendment, while pretrial detainees' rights stem from the Fourteenth Amendment. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "In the context of medical care for prisoners and pretrial detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under

§ 1983.'" *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original). Further, the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, the Court construes the amended complaint as alleging claims under the Fourteenth Amendment.

### 1. Denial of Medical Care

Plaintiff states that he was prescribed and taking medications prior to being incarcerated in the HCJ. He states that the Defendants refused to give him these prescribed medications which resulted in him being hospitalized. Plaintiff further states that the hospital doctors put him on medications, but that Defendants refused to give him those medications. He contends that Defendants refuse to give him his heart medicine and his psychiatric medicine. Plaintiff states that Defendant Johnson is in charge of medications and is responsible for these actions. Further, Plaintiff states that Defendants will not let him see a doctor or go to a hospital despite his many medical and psychiatric problems. He states that the medical staff is just "sitting here watching [him] die slowly."

Upon consideration, the Court will allow the Fourteenth Amendment claim regarding denial of medical treatment to proceed against Defendant Johnson in his individual capacity.

### 2. Conditions-of-Confinement

Plaintiff states that since February 2017, he has been in a cell in which he has to lie on the concrete floor. He states that the cell has a "sewer system in the middle of the floor." Upon consideration, the Court will allow this Fourteenth Amendment claim to proceed against Defendant Johnson in his individual capacity.

8

## IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendant Johnson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** as follows:

(2) that the Fourteenth Amendment claim regarding denial of medical treatment against Defendant Johnson in his individual capacity will proceed; and

(3) the Fourteenth Amendment conditions-of-confinement claim against Defendant Johnson in his individual capacity will proceed.

The **Clerk of Court** is **DIRECTED** to add Matthew Johnson as a Defendant to the docket of this action.

The Court passes no judgment on the merits or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Revised Scheduling Order to govern the development of the proceeding claims.

Date: February 27, 2018

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record for Defendant Smith
    Defendant Johnson
4414.003