# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:17CV-P37-JHM

**GAYLON LEE BETAR**                                                  **PLAINTIFF**

v.

**ADVANCE CORRECTIONAL** *et al.*                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Gaylon Lee Betar filed the instant *pro se* complaint under 42 U.S.C. § 1983. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims under the Fourteenth Amendment regarding the conditions of his confinement and denial of medical treatment to proceed against Defendants Jodie Smith and Matthew Johnson in their individual capacities. Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies. By Memorandum and Order entered January 18, 2019, the Court denied Defendants' motion to dismiss and determined that it would treat the motion as one for summary judgment under Fed. R. Civ. P. 56 (DN 52). The Court ordered Plaintiff to file a response to the motion for summary judgment, along with any supporting materials, within 30 days. Further, the Court warned Plaintiff that failure to file a response within the time allotted would result in dismissal of the action.

More than 30 days have passed since that date, and Plaintiff has failed to file a response or to take any other action in this case. Further, the docket sheet shows that Plaintiff has taken no action in this case in over seven months. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order and failure to take any action in this case for more than seven months shows a pattern of failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: February 26, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4414.010

2